DOYLE *v.* L. HERZOG & BROS., DRY GOODS CO.

[75 South. 760, Division B.]

1. USURY. *Excessive interest*    *Statute.*    *Construction.*

Under Code 1906, section 2678, as amended by Laws 1912, chapter 229, providing that "if a greater rate of interest than eight pei cent. shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the con-

tract be executed or executory," a creditor is not penalized merely for demanding a greater rate of interest than eight per cent. where there was no contract to pay a greater rate and no such excessive interest was actually paid.

2. Usury. *Burden of proof.*

Where there was no contract to pay a greater rate of interest than eight per cent., the burden of proof is upon the debtor to show that he actually paid a greater rate.

Appeal from the circuit court of Washington county. Hon. F. E. Everett, Judge.

Suit by L. Herzog & Brothers Dry Goods Company, against Robert Doyle. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Chas. W. Crisler* and *Jno. Crisler,* for appellant.

This suit is a controversy over interest in the sum of sixty dollars and eighty-five cents on an account for the sale of merchandise. Two errors are assigned: First, the court below erred in rendering a judgment in favor of plaintiff and against defendant for the interest, being the sum of sixty dollars and eighty-five cents; second, the court below erred in rendering a judgment in favor of the plaintiff and against defendant for costs.

As the second assignment stands or falls with the first, we shall confine our observations mainly to the latter, giving to the other only a brief mention in closing.

The defendant, appellant here, seeks to avoid the payment of this interest because of a violation of section 2678 of the Mississippi Code of 1906, as amended by chapter 229 of the Acts of 1912. In the statement of facts, shown on pages 11 and 12 of the record, it is agreed that plaintiff, appellee here, charged, and rendered invoices and accounts to appellant for interest in

a sum greater than eight per cent. per annum. Chapter 229 of the Acts of 1912 as announced in *Ford* v. *Water-works Co.,* 102 Miss. 717, embraces two classes of persons who come under the condemnation of the statute: First, those who contract to receive a rate of interest in excess of that allowed by law; and, second, creditors who receive a rate of interest greater than that allowed by law.

The law as now existing was not in force when the case of *Planter's Bank* v. *Snodgrass,* 4 Howard, 573, was decided. The law under which that case was decided being found in the revised Code of Mississippi of 1823, pages 460 and 461. The law then in force did not embrace the second class of persons named, and we are not to be considered as calling into question the soundness of the court's decision in the Planters bank case.

It is agreed in the statement of facts, already referred to that appellant never at any time agreed to pay excessive interest. Hence, we may eliminate from our consideration the first class of cases mentioned in the Water Works case, which restricts the present inquiry to whether appellee's claim comes under the condemnation of the second class.

It is well to note here that it is well settled, by a long line of decisions of this court, that if it is shown that usury existed in any particular the entire contract is tainted, and this we take to be too well established for argument or citation of authorities.

It is admitted that an amount exceeding all interest, and interest charges, still remains unpaid. Did appellee then receive a rate of interest greater than that allowed by law?

That appellee was charging excessive and illegal interest, is admitted; but it will be contended that the payments, in contemplation of the law, were to be applied to the valid part of the demand and not to the illegal portion. Our answer is that appellee did not do this,

and there is nothing in the record to justify a supposition, or even a suspicion, that he did. Certainly it cannot be maintained that appellee could not have applied the payments to the illegal interest if he so desired. If he then, in point of fact, did so, there is nothing left for the law to contemplate or presume.

In receiving the payments, what was appellee's intention, and in fact, his action regarding their application? Can it be contended for a moment that he intended to apply, or did apply, the payments to the extinguishment of the principal before paying the interest? Such a view would be contrary to universal custom and in direct contradiction to natural law. It would suggest to even the simplest mind the ridiculous spectacle of killing a bird and leaving its tail to fly around in space.

How then, can appellee, in view of his own conduct, be heard to say that he is not guilty of receiving greater interest than the law allows. Moreover, section 2681 of the Mississippi Code of 1906, expressly provides that payments are first to be applied to the interest, and the statute does not specify the nature of the interest, whether legal, contract or excessive.

But we do not admit the soundness of the contention that the law, regardless of what appellee may have done, will apply the payments to the valid part of the demand and not to the illegal portion. In cases of this kind in which the creditor has applied the payments to the illegal items, there would be merit in the contention that the court would, at the instance of the debtor shift the payments and apply them to the legal items. It seems to us elementary that the debtor would have such a right. But we have no such request from them here. Appellant is not asking the court to disturb the application of the payments, and we are confident that the court will not countenance such maneuvers on appellee's part to escape the consequences of his own misconduct.

It will also be contended that this case does not come
within the second class mentioned in the Water Works
case for the reason that the debtor cannot sue and re-
cover back the interest illegally paid. The reason is
good but the conclusion is wrong. The cause of this is
that the right of the creditor to retain the money paid
is evolved from the doctrine of setoff, the debtor still
being indebted, and not from any lack of application
of the principle asserted by appellant.

To hold contrary to appellants view would impose
upon a debtor the useless and hazardous burden of pay-
ing all of the legal demand and a part of the illegal de-
mand before he could avail himself of the usury statute.
Under such a construction, just so the illegal perform-
ance was consummated the former debtor could sue and
recover back all interest paid; but so long as any part
of the transaction remained incomplete he could not
avail himself of the defense of usury, though at such a
stage it could be done without litigation. Under such a
rule, the honest man who would not conceal his inten-
tion of availing himself of his creditor's unfairness
would find far less favor with the law than the crafty
dishonest one, for such a decision would not only en-
courage litigation, but would furnish a ready incentive
to trickery, duplicity, and deception.

*Barbour & Henry,* for appellee.

The statute under which usury is claimed by appel-
lant is contained in the Laws of 1912, chapter 229, the
part relating to this case being as follows: "If a
greater rate of interest than eight per cent. per annum
shall be stipulated for or received, in any case, all
interest shall be forfeited, and may be recovered back,
whether the contract is executed or executory."

As stated by appellant, the agreed statement of facts
shows that there was no stipulation for excessive in-

terest, so the only question before the court is whether
or not interest above eight per cent. per annum was
received.

As this amount on July 1, 1915, was seventy-six dollars and twenty-six cents, and the total of all payments
after that date was seventy-five dollars, it is plain that,
under any possible interpretation of the statute appellee has not received a sum equal to eight per cent.
per annum on its account.

Therefore, in order for appellant to secure a reversal
of this case, he must show to the court that the mere
presentation of an open account showing an interest
charge greater than eight per cent. constitutes usury.
The case of *Ford* v. *Waterworks Company*, 102 Miss.
717, decided in 1912, settles this question. The Waterworks Company brought suit for a water bill with interest, and an additional ten per cent., under their rules,
for failure to pay within a certain time. The very excellent brief of attorneys in that case showed that the
authorities were uniform that the collection of this ten
per cent. additional would constitute usury, and the
court reversed the case because it had been allowed by
the circuit judge, but rendered a judgment for the water
bill and legal interest, holding that the mere claim of
suit for the additional ten per cent. did not make the
appellee guilty of violating the usury laws.

The case of *Puckett* v. *Fore*, 77 Miss. 391, and numerous other cases also settled this question, by holding that payments are applied by the law to the items
of the account which are valid, and not to the illegal
portion. Therefore, even under this construction, if the
seventy-five dollars had been more than interest at
eight per cent., the payment would have been applied
to the legal part of the account, which would be the
principal and legal interest and nothing to the payment
of a usurious interest charged, and there could be no
usury until the creditor had received payments greater

than the sum of the principal and eight per cent. interest.

As shown by the agreed statement of facts, there was no usury in the various statements rendered up to July 1, 1915, at which time Mr. Doyle had paid seven hundred and fifty-three dollars and fifty cents on an account of one thousand, twenty-seven dollars and eighty-two cents, including interest, so that, if payments are applied first to the legal interest and then to the principal, he had paid all of the interest in the account except the sum of two dollars and fifty-five cents before any usury was ever claimed. At that time, the balance due was about two hundred and forty dollars and four cents, which included the principl and six per cent. interest, so that, if there is any usury even under their contention, it amounts to only about two dollars and fifty-five cents as the total of interest which the circuit judge allowed which accrued after July 1, 1915, was only this small sum.

If we are correct in our interpretation of the law that payments are applied first to the legal interest and then to the principal, this would be true of all payments made after July 1st, and therefore there could be no usury until the creditor had received payments greater than the total sum of the principal and interest at eight per cent. per annum. Under this view of the case, there could not possibly be any usury, and we think this correctly states the law.

It was Mr. Doyle's contention, however, that the fact that they presented him an account showing an amount greater than eight per cent. as interest made the whole amount usurious, and gave him the right to have all his payments theretofore made applied to the principal of the indebtedness, and narrowed the issue in this case case down to the interest. The first page of this brief, which has figures based upon that proposition, shows that, accepting this horn of the dilemma, and segregat-

ing all interests as having not been paid at all, the total payments, after the first claim of usury, were for a sum of seventy-five dollars, whereas, the interest involved at eight per cent. for the same length of time was for a sum not less than seventy-five dollars and twenty-six cents and not more than seventy-seven dollars and seventy-two cents, so that, if Mr. Doyle has the right at this late day to deny that he had paid interest, and that all amounts theretofore paid by him should have been on the principal, he has yet failed to show that creditor has received, after usury was claimed, a sufficient sum to cover interest at eight per cent., because the lowest amount, according to the figures on the first page, is seventy-six dollars and twenty-six cents; whereas, the total payment after that time was seventy-five dollars, the surplus in favor of the creditor being one dollar and twenty-six cents.

Wherefore, we say that, under any interpretation of the law, no usury appears in this account.

Stevens, J., delivered the opinion of the court.

This appeal is a result of a controversy over interest in the sum of sixty dollars and eighty-five cents, claimed to be due appellee by Mr. Doyle, the appellant, and judgment for which the lower court awarded. Appellee company sued appellant for the balance of an open account. The case was tried upon an agreed statement of facts. The agreed statement, among other things, shows:

"That the amount due on the principal is one hundred and six dollars and seventy-four cents;" "that the amount of interest properly due, if any, at six per cent. is sixty dollars and eighty-five cents, and that, if the plaintiff is entitled to the interest, the judgment should be for one hundred and sixty-seven dollars and fifty-nine cents, with interest at six per cent. from November 1,

1915;" "that the proper interest calculation based on the invoices introduced at the trial in the lower court by Mr. Robt. Doyle at eight per cent. would be eighty-one dollars and ten cents;" "that the amount claimed as interest is for an amount greater than eight per cent.;" "that the total amount of principal and interest at eight per cent. from November 1, 1915, would be one hundred and eighty-seven dollars and eighty-four cents;" "that the defendant never at any time agreed to pay any excessive interest;" "that an account rendered about July 1, 1915, claimed interest at a greater rate than eight per cent."

It further appears from the agreed statement that the defendant tendered a check for one hundred and six dollars and seventy-four cents prior to the institution of any suit, and that the check was refused. The so-called itemized account or statement shows that appellant received merchandise to the value of approximately one thousand dollars and made many partial payments thereon from November 23, 1914, to September, 1915. Appellant invokes section 2678, Code of 1906, as amended by chapter 229, Laws of 1912. That portion of Act of 1912 brought under review is as follows:

"If a greater rate of interest than eight per cent. shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract is executed or executory."

There is here no contention that excessive interest was stipulated for. There was no contract whatever in reference to interest. The only question, then, is whether appellee "received" usurious interest. As we construe the agreed statement, after crediting all partial payments, there is a balance of one hundred and six dollars and seventy-four cents admittedly due on the principal. The circuit court allowed this principal, with six per cent. interest. The action of the trial court, in our opinion. must be affirmed. The agreed statement does

not affirmatively show that the creditor actually received usurious interest in and as a part of the several partial payments made on the open account, and, if so, how much. On the contrary, the parties agreed that all the principal has not yet been liquidated. The statute, in our judgment, does not penalize the creditor merely for demanding a greater rate of interest than eight per cent., but the test is whether the creditor actually received an unlawful or excessive amount of interest. It will be understood, of course, that what we are here saying has no reference to that portion of the statute forbidding the creditor "stipulating" for excessive interest. If the creditor receives usurious interest in any case, all interest is then forfeited and may be recovered back. We can easily conceive of a case where even on an open account the parties in agreeing upon the application of partial payments might agree that a certain portion of the payments should be applied toward liquidating the interest, and if the portion so applied is excessive, then the statute would be violated.

This case, however, does not present an instance where the parties agreed upon the application of the payments, and the burden of proof is here upon the appellant to show that he has actually paid usurious interest. If the creditor has taken some of the partial payments and attempted to apply them on usurious interest charges, the debtor when sued for any balance has the lawful right to insist upon a proper and legal application of the payments, and if upon proper accounting the payments are applied toward the principal and lawful interest, and there still remains a balance due on the principal, then certainly the statute has not been violated. We can only deal with the facts as presented, or, as in this case, agreed upon. The record before us presents no legal ground of complaint.

*Affirmed.*